

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 8, 1950

Hon. Wm. N. Hensley
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. V-1127.

Re: Whether Article 6829a,
V.C.S., authorizing a
State or district of-
ficer in military serv-
ice to direct payment
of his compensation to
one temporarily fill-
ing the office applies
to a Criminal District
Attorney.

Dear Sir:

Your request for an opinion reads in part as
follows:

"1. Do the provisions of H.B. No.717,
Acts 48th Legislature, p.693, ch.384 (Art.
6829a, V.A.C.S.), have application to a
Criminal District Attorney who has been
called into military service?

"2. If said statute does apply and
the Criminal District Attorney complies
with the statute by filing the required
waiver with the Comptroller, would the
Commissioners Court and/or the Auditor of
the officer's county be authorized to pay
the salary of the office to the person
designated to temporarily fill the office
during the absence of the regularly elect-
ed officer?"

Article 6829a, V.C.S., provides:

"Section 1. Any person holding a
State or District office in the State of
Texas, whether as a member of the execu-
tive, legislative or judicial departments,
when called into the military service of
either the State or National Governments,
is hereby authorized to file with the Comp-
troller of Public Accounts of the State, a

statement or certificate in writing, to
the effect that he waives the payment of
his salary or pay or the emoluments of
his said office during the period of his
military service and authorizing the pay-
ment of such salary, pay or emoluments of
his office to any other person, who, un-
der the provisions of any law of this State
is appointed or elected to temporarily fill
such civil office during the absence of such
officer, such waiver or assignment to termi-
nate immediately upon the release or dis-
charge of said officer from such military
service.

"Sec. 2. Such waiver or assignment
shall be sufficient authority for the Comp-
troller of Public Accounts of the State of
Texas to issue State warrants and to pay
such person so holding such officer's posi-
tion during his absence in military service
out of appropriations made by the Legisla-
ture for such office.

"Sec. 3. The filing with the Comptrol-
ler of Public Accounts of the State of Texas
of such waiver or assignment provided for in
this Act shall never be construed by any Court
of this State to be a resignation from his of-
fice by the person entering the military serv-
ice of the State or National Governments or
that his office is vacant by reason thereof."
(Emphasis added.)

The emphasized portion of Article 6829a, Ver-
non's Civil Statutes, shows conclusively that its provi-
sions are only applicable to persons holding a State or
district office in the State of Texas whose salaries are
paid by warrants issued by the Comptroller of Public Ac-
counts of the State of Texas and to no other. Although
the Criminal District Attorney of Bexar County is a dis-
trict officer within the meaning of certain statutes, his
salary is not paid by warrants issued by the Comptroller
of Public Accounts on the State Treasury, but is paid by
the county from the County Officer's Salary Fund, to which
the State makes an apportionment. Att'y Gen. Op. O-6676
(1945).

Therefore, in answer to your questions, you are

advised that the provisions of Article 6829a are not applicable to the Criminal District Attorney of Bexar County.

SUMMARY

The provisions of Article 6829a, authorizing an officer to direct payment of his compensation to one temporarily filling the office, are not applicable to the Criminal District Attorney of Bexar County because his salary is not paid by warrants issued by the Comptroller of Public Accounts.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *John Reeves*
John Reeves
Assistant